IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Guy Lucas,<br><br>              Plaintiff,<br><br>v.<br><br>Soo Line Railroad Company, d/b/a<br>Canadian Pacific,<br><br>              Defendant. | Case No.: 1:25-CV-04635<br>Honorable Elaine E. Bucklo<br><br>**ANSWER** |

Defendant Soo Line Railroad Company, d/b/a Canadian Pacific ("Soo Line"), by and through its attorneys Dorsey & Whitney LLP, for its Answer to Plaintiff Guy Lucas' ("Plaintiff") Complaint, denies each and every allegation in the Complaint except as expressly admitted in this Answer.

## **Introduction**

1.      In response to Paragraph 1 of the Complaint, Soo Line admits that Plaintiff alleges a claim under the Federal Rail Safety Act ("FRSA") and denies any violation of the FRSA.

2.      In response to Paragraph 2 of the Complaint, Soo Line admits that Plaintiff filed a complaint with the Occupational Safety and Health Administration ("OSHA") and denies any violation of the FRSA.

3.      Soo Line admits the allegations in Paragraph 3 of the Complaint.

4.      Soo Line admits the allegations in Paragraph 4 of the Complaint.

5.      In response to Paragraph 5 of the Complaint, Soo Line admits that more than 210 days have elapsed since Plaintiff appealed OSHA's dismissal to the OALJ and that the OALJ has

not issued a final decision. To the extent the allegations in Paragraph 5 state legal conclusions, no response is required.

### Parties

6. Soo Line admits Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, Soo Line admits that Plaintiff was an employee of Soo Line. To the extent the allegation related to provisions of the FRSA state legal conclusions, no response is required. Soo Line lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and therefore denies the same.

### Jurisdiction and Venue

8. To the extent the allegations in Paragraph 8 state legal conclusions, no response is required. To the extent a response is deemed required, Soo Line admits that this Court has jurisdiction pursuant to Federal Rail Safety Act, 49 U.S.C. § 20109(d)(3).

9. To the extent the allegations in Paragraph 9 state legal conclusions, no response is required. To the extent a response is required, Soo Line states that it currently has no objection to venue in this judicial district.

### Statement of Facts

10. Soo Line admits the allegations in Paragraph 10 of the Complaint.

11. Soo Line admits the allegations in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Soo Line denies that it in any way discourages safety complaints for any reason. Soo Line further answers that its operations are guided by the principles of precision scheduled railroading, the goal of which is to move customers' freight in the safest, most reliable and efficient manner possible. Soo Line states it has

implemented the principles of precision scheduling for more than ten years, and these principles have been widely adopted across the railroad industry. Soo Line denies all other allegations in Paragraph 12.

13. Soo Line denies the allegations in Paragraph 13 of the Complaint.

14. Soo Line is without sufficient information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

15. Soo Line admits Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Soo Line admits that Plaintiff made a complaint on March 13, 2023, in which he alleged that a supervisor drove in an unsafe manner. In response to the second paragraph labeled as "Paragraph 16" of the Complaint, Soo Line admits that Plaintiff made a complaint against a trainmaster involving a brake test. Soo Line denies the remaining allegations.

17. Soo Line denies the allegations in Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Soo Line admits that Plaintiff was assigned to work as an engineer on train BR01 in Bensenville, Illinois, on April 14, 2023. With respect to the remaining allegations, Soo Line answers that its subsequent investigation determined that Plaintiff (a) performed an unnecessary daily inspection, rather than a walk-around inspection, and (b) failed to have the proper and required tools with him to measure what he thought was a potentially defective plow. Soo Line denies the remaining allegations in paragraph 18.

19. Soo Line is without sufficient information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. To the extent the allegations in Paragraph 20 of the Complaint state legal conclusions, no response is required. To the extent a response is required, Soo Line admits that 49

C.F.R. § 229.123 states that the maximum clearance of a locomotive plow shall be six inches above the rail. Soo Line further answers that its subsequent investigation determined that Plaintiff (a) performed an unnecessary daily inspection, rather than a walk-around inspection, (b) failed to have the proper and required tools with him to measure what he thought was a potentially defective plow, and (c) the plow was not defective.

21. In response to Paragraph 21 of the Complaint, Soo Line admits that a reverser is an operating control used to operate the direction of the locomotive, admits that removing the reverser locks the throttle, and admits that the length of a reverser is approximately six inches. Soo Line is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 21, and therefore denies the same.

22. Soo Line is without sufficient information to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23. In response to Paragraph 23 of the Complaint, Soo Line admits that Plaintiff contacted its mechanical department because he did not have proper and required tools on April 14, 2023, requiring Soo Line to send a mechanical employee to the locomotive. Soo Line is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 23, and therefore denies the same.

24. In response to Paragraph 24 of the Complaint, Soo Line admits that the mechanical department determined that the plow at issue was not defective. Soo Line is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 24 and therefore denies the same.

25. Soo Line denies the allegations in Paragraph 25 of the Complaint.

26. Soo Line admits the allegations in Paragraph 26 of the Complaint.

27. Soo Line admits the allegations in Paragraph 27 of the Complaint.

28. In response to Paragraph 28 of the Complaint, Soo Line admits that a formal investigative hearing was held on April 18, 2023, to investigate Plaintiff's failure to comply with instructions resulting in delay of assignment. Soo Line further admits that Plaintiff testified at that hearing that he thought the condition of the plow created a safety hazard. Soo Line denies that its managers "admitted" anything regarding Plaintiff's subjective beliefs and further answers that a company witness simply reported at the hearing what Plaintiff said on April 14, 2023.

29. Soo Line denies the allegations in Paragraph 29 of the Complaint.

30. Soo Line admits the allegations in Paragraph 30 of the Complaint and further answers that Plaintiff admitted at the hearing that he forgot to perform the required locomotive brake test.

31. Soo Line denies the allegations in Paragraph 31 of the Complaint.

32. Soo Line admits the allegations in Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, Soo Line admits that Plaintiff was terminated from employment by letters dated May 5, 2023, and further answers that each letter expressly referred to Plaintiff's past discipline history as a basis for Plaintiff's dismissal, in addition to the facts and evidence submitted at the April 18, 2023, and April 25, 2023, investigation hearings.

34. Soo Line denies the allegations in Paragraph 34 of the Complaint.

35. Soo Line denies the allegations in Paragraph 35 of the Complaint.

36. Soo Line denies the allegations in Paragraph 36 of the Complaint.

37. Soo Line denies the allegations in Paragraph 37 of the Complaint.

38. Soo Line denies the allegations in Paragraph 38 of the Complaint.

4900-3149-4226\2

39. Soo Line denies the allegations in Paragraph 39 of the Complaint.

40. Soo Line denies the allegations in Paragraph 40 of the Complaint.

41. Soo Line denies the allegations in Paragraph 41 of the Complaint.

## CLAIM FOR RELIEF
### Federal Railroad Safety Act

42. In response to Paragraph 42 of the Complaint, Soo Line repeats and restates in responses in Paragraphs 1 through 41.

43. Paragraph 43 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Soo Line denies the same.

44. Paragraph 44 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Soo Line denies the same.

45. Soo Line denies the allegations in Paragraph 45 of the Complaint.

46. Soo Line denies the allegations in Paragraph 46 of the Complaint.

47. Soo Line denies the allegations in Paragraph 47 of the Complaint.

48. Soo Line denies the allegations in Paragraph 48 of the Complaint.

WHEREFORE, Soo Line denies that Plaintiff is entitled to all relief requested in the Complaint, including any and all relief set out in the "Wherefore" paragraph on Page 8 of the Complaint.

### Affirmative and Additional Defenses

Soo Line alleges and asserts the following defenses (in addition to those stated above), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law. Soo Line reserves all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, discovery, other proceedings, or further investigation.

4900-3149-4226\2

**First Defense**

Plaintiff's Complaint fails, in whole or in part, to allege facts sufficient to state a claim upon which relief can be granted.

**Second Defense**

Plaintiff's claim is barred, in whole or in part, by various equitable doctrines, including, without limitation, the doctrines of waiver, estoppel, and laches.

**Third Defense**

Any damage, loss, or injury allegedly sustained by Plaintiff, the existence of which is expressly denied, was not caused by or attributable to Soo Line.

**Fourth Defense**

Soo Line exercised reasonable care to prevent, avoid, and/or correct any harmful, wrongful, or unlawful conduct towards Plaintiff, the existence of which is expressly denied.

**Fifth Defense**

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

**Sixth Defense**

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, accommodate, and/or correct any damages, harmful conduct, problems, or complaints.

**Seventh Defense**

Soo Line did not act with malice, ill will, or in reckless disregard for Plaintiff's rights with respect to any actions affecting Plaintiff and, with respect to any such actions, Soo Line acted lawfully and in good faith.

**Eighth Defense**

Plaintiff's claim is barred, in whole or in part, because Plaintiff has exhausted his legal remedies.

### Ninth Defense

Any and all actions of Soo Line were undertaken for legitimate and nondiscriminatory business purposes and without unlawful purpose or motive.

### Tenth Defense

Plaintiff's claim is barred, in whole or in part, because Soo Line would have taken the same personnel actions against Plaintiff in the absence of any alleged protected activity.

### Eleventh Defense

Plaintiff's claim is barred, in whole or in part, because Soo Line had in place and in force policies and procedures prohibiting retaliation, and procedures for the reporting of perceived retaliation. Those policies and procedures were published and otherwise made known to Plaintiff, yet Plaintiff unreasonably failed to avail himself of said policies and procedures or to avoid harm otherwise.

### Twelfth Defense

Soo Line alleges the claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which any claims are barred by one or more said affirmative defenses not specifically set out above cannot be determined until Soo Line has an opportunity to complete discovery. Soo Line, therefore, incorporates all such defenses as if fully set forth herein, and reserves the right to amend its listed defenses through the time of trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Soo Line prays for judgment as follows:

(A)　Dismissing Plaintiff's Complaint with prejudice;

(B)　Awarding Soo Line its costs, disbursements, and attorneys' fees incurred herein to the extent available by law; and

4900-3149-4226\2

(C) Awarding Soo Line such other and further relief as this Court deems just and proper.

Dated: June 30, 2025

**DORSEY & WHITNEY LLP**

By /s/ *Jaime Stilson*
John T. Sullivan (pro hac vice admission pending)
sullivan.jack@dorsey.com
Jaime Stilson (Admitted N.D. Ill., Ill. No. 6287484)
Stilson.jaime@dorsey.com
Megan Renslow (pro hac vice admission pending)
renslow.megan@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

Counsel for Defendant Soo Line Railroad Company, d/b/a Canadian Pacific

4900-3149-4226\2

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2025, I caused the foregoing to be electronically served on Plaintiff's counsel of record via email.

                                                *John T. Sullivan*
                                                John T. Sullivan

4900-3149-4226\2